# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVYN WINCHELL, DAVID WINCHELL**,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-00176-JAH-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND THE SCHEDULING ORDER**<br><br>**[ECF No. 16]** |

　　　　Before the Court is the parties' Joint Motion to Modify or Amend the Scheduling Order Regulating Discovery and Other Pretrial Proceedings. ECF No. 16. The parties seek a 90 day extension of all dates to permit additional discovery to proceed and be completed prior to the discovery cut off, and to allow ample time for the experts to review the depositions prior to expert discovery and disclosure. *Id.* at 2.

　　　　Trial courts "set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties." *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005). "Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce

them, unless there are good reasons not to." *Id.* A request to modify the scheduling order is governed by Federal Rules of Civil Procedure 16(b)(4) and "may be modified only for good cause and with the judge's consent." The good cause standard articulated in Rule 16 focuses on the diligence of the party seeking to amend the scheduling order, and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end.") (citing *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985)). The district court may amend the scheduling order if it "cannot be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee Notes).

With these standards in mind, the Court turns to the parties' joint motion. The parties' submissions demonstrate that Plaintiffs' depositions were only completed November 21, but offer that the delay was due to medical conditions and "scheduling conflicts amongst all parties." ECF No. 16 at 2, ¶ 2. The joint motion also makes clear that Plaintiffs' deposition requests were not sent until November 3, 2017, and offer no explanation for the delay. *Id.* at ¶ 3. The parties also represent that counsel for defendant the Regents of the University of California are engaged in trial expected to conclude December 18. *Id.* at 8. The parties submit that a 90 day continuance is required to permit time to complete depositions and permit the experts time to review all the necessary deposition transcripts.

Here, the parties were provided approximately eight months for fact discovery in the initial scheduling order, with an additional three months for expert discovery. *See* ECF No. 12. The medical condition of the plaintiff and the trial currently in-progress are the only good cause presented in the parties' submission, but the plaintiff's deposition is now complete, and the trial is expected to conclude December 18, 2017. The remaining diligence of the parties is unclear. While they represent written discovery has been

///

2

3:17-cv-00176-JAH-NLS

ongoing, the parties only recently sought a protective order (*see* ECF Nos. 14-15) and plaintiffs only recently noticed depositions (ECF No. 16 at 2, ¶ 3).

The Court does not find good cause to provide a 90 day extension of all dates, or to continue the pretrial motion filing deadline or any dates thereafter, and **DENIES** this request of the joint motion. However, the Court finds it appropriate based on the parties' submission to modify the fact and expert discovery deadlines and **GRANTS IN PART** the joint motion to amend the Scheduling Order as follows:

1. The close of fact discovery (*see* ECF No. 12, ¶ 2) is continued from December 15, 2017 to **February 2, 2018**.
2. The deadline for expert designation and disclosures (*see* ECF No. 12, ¶¶ 3, 4) is continued from January 26, 2018 to **February 23, 2018**.
3. The deadline for the exchange of rebuttal experts and supplemental disclosure (*see* ECF No. 12, ¶¶ 3, 5) is continued from February 26, 2018 to **March 16, 2018**.
4. The close of expert discovery (*see* ECF No. 12, ¶ 6) is continued from March 26, 2018 to **April 6, 2018**.

All other dates, deadlines, requirements and instructions set forth in the initial scheduling order (ECF No. 12) remain unchanged.

**IT IS SO ORDERED.**

Dated: December 1, 2017

_____
Hon. Nita L. Stormes
United States Magistrate Judge

3
3:17-cv-00176-JAH-NLS